**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)**

**Case No.:**

DARR & DAWN LEUTZ,

       Plaintiffs,                            Removed from Circuit Court
                                           of Orange County, Florida
v.                                         Case No: 2022-CA-010079-O

FEDERAL INSURANCE COMPANY,

       Defendant.

_____ /

**<u>NOTICE OF REMOVAL</u>**

Defendant Federal Insurance Company (hereinafter "Federal"), by and through the undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Orange County, Florida, Case No.: 2022-CA-010079-O, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

1.     On November 7, 2022, Plaintiffs Dawn Leutz and Darr Leutz (hereinafter "Plaintiffs"), filed Plaintiffs' <u>Complaint</u> (hereinafter "Plaintiffs' Complaint" or "Exhibit A") against Defendant in the circuit court of Orange County, Florida. *See Plaintiffs' Complaint, attached hereto as "Exhibit A."*

1

2.      Plaintiffs allege Defendant issued an insurance policy in favor of its insureds, Plaintiffs, for an insured property located at 14425 Isleview Dr, Winter Garden, Florida ("Plaintiffs' Property"), which is within Orange County. *Id*. At ¶5.

3.      Plaintiffs allege they suffered a loss on March 20, 2018, and that Defendant has not fully paid their claim. *Id*. At ¶¶ 7, 12.

4.      Plaintiffs' Complaint alleges damages that exceed $30,000, the minimum for jurisdiction in Florida's highest state trial court – circuit court. *Id*. at ¶ 1.

5.      Plaintiffs' Complaint is silent as to the *citizenship* of the parties, although the Plaintiffs admit they were Florida residents. *Id*. at ¶ 2.

6.      28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, and is between citizens of different states.

7.      Therefore, as originally filed, this action was not removable to federal court.

8.      28 U.S.C. § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business.

9.     Defendant Federal Insurance Company is a foreign corporation with its place of incorporation in the state of Indiana and principal place of business in New Jersey. *See the 2021 Foreign Profit Corporation Annual Report filed by Defendant with the Florida Secretary of State, attached hereto as "Exhibit B."*

10.     On the afternoon of Friday, March 31, 2023, in response to a request by the undersigned for a settlement demand, Plaintiffs' counsel Will Davich, Esq., sent an email making a total demand, inclusive attorneys' fees and costs, of $185,000.00. *See letter from Plaintiffs' counsel, attached hereto as Exhibit "C."*

11.     Plaintiffs' counsel also attached to the demand email a loss assessment estimate by Orbis Consulting, Inc. for repair costs alleged to be a result of the roof damage and interior damage, for a replacement cost value of $160,401.57. *See estimate from Orbis Consulting, Inc., attached hereto as Exhibit "D."*

12.     Since the undersigned counsel knew the citizenship of Defendant and now knew the amount in controversy, the remaining issue was Plaintiffs' citizenship.

13.     "'Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.' *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .' *Id*. at 1258 (internal quotation marks omitted)." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

14.    Plaintiffs' Complaint merely alleges that the Plaintiffs are "residents" of the state of Florida, but is silent as to any intention to remain. *See Exhibit A* at ¶ 2.

15.    In the exercise of due diligence, the undersigned checked the records of the Orange County property appraiser. The property appraiser's records indicate that the property is held by the Darr Wayne Leutz Revocable Living Trust and the Dawn Marie Leutz Revocable Living Trust, but no homestead exemption has been applied for. *See Plaintiff's Property listing from Orange County Property Appraiser, attached hereto as "Exhibit E."*

16.    However, the mailing address for the Plaintiffs' property lists a mailing address for Darr Wayne Leutz, Trusee, 14 Shiloh Drive, Jacksonville, Illinois. *Id.*

17.    In addition, the deed transferring the subject property from Dawn and Darr Leutz to the the Darr Wayne Leutz Revocable Living Trust and the Dawn Marie Leutz Revocable Living Trust in 2021 lists the address for the Plaintiffs as 14 Shiloh Drive, Jacksonville, Illinois. *See Quit Claim Deed transferring the subject property, attached hereto as "Exhibit F."*

18.    The original purchase of the property by the Plaintiffs occurred in 1999, and gave the same 14 Shiloh Drive address as the mailing address for the Plaintiffs. *See Warranty Deed transferring the subject property, attached hereto as "Exhibit G."*

19.     In the furtherance of determining the citizenship of the Plaintiffs, the undersigned checked the records of the Morgan County, Illinois property appraiser. The property appraiser's records indicate that the property is held by Dawn Marie Leutz, Trustee, and the property has received an exemption for being "owner occupied. *See Plaintiff's Property listing from Orange County Property Appraiser, attached hereto as "Exhibit H."*

20.     In addition, the tax payment and sales history indicated that there have been no sales since at least 1999. *Id.*

21.     The above information is indicia of the Plaintiffs having maintained a permanent address in Illinois for at least twenty-four (24) years.

22.     As further support of the Plaintiffs being domiciled in Illinois, the Plaintiffs retained a mitigation vendor and a packout company to perform services post-loss, both of which give the Plaintiffs' phone number as 217-473-XXXX (Defendant has redacted the full number for privacy concerns). *See estimates from FP Property Restoration and 1-800-Packouts, attached hereto as "Exhibit I" and "Exhibit J."*

23.     According to the North American Numbering Plan Administrator, the entity with overall responsibility for the neutral administration of NANP numbering resources, subject to directives from regulatory authorities in the countries that share

the NANP, the 217-area code covers the central region of New Jersey. *See NANPA*

*Map, attached hereto as "Exhibit K."*

24.    Lastly, the Plaintiffs give the 14 Shiloh Drive, Jacksonville, Illinois

address as the mailing address on their Policy of insurance with Defendant. *See*

*Premium Renewal Summary, attached hereto as "Exhibit L."*

25.    Based on the decisions of the Honorable Judge William P. Dimitrouleas

of the Southern District of Florida in *Williams v. Lexington Ins. Co.*, U.S.D.C., S.D.

Fla., Case No.:  21-62300-CIV-DIMITROULEAS (copy attached as "*Exhibit M*");

and *Barba, et al. v. National Specialty Ins. Co.*, U.S.D.C., S.D. Fla. Case No.:  22-

61312-CIV-DIMITROULEAS (copy attached hereto as "*Exhibit N*"); Defendant

maintains that complete diversity of the parties under 28 U.S.C. 1332 *et seq.* exists,

as the citizenship of Plaintiffs outside the State of Indiana or the State of New Jersey

has been established by the totality of the circumstances and information available

to Defendant.

26.    Specifically, Defendant is a citizen of either the State of Indiana or the

State of New Jersey. *See Exhibit B.*  As for Plaintiffs' citizenship, Defendant notes

the following:

(a) the subject lawsuit concerns property owned by Plaintiffs in the State

of Florida;

(b) the subject insurance policy upon which Plaintiffs' lawsuit is based is a policy for the subject property in the State of Florida; and

(c) Defendant issued all correspondence or other notices to Plaintiffs at the subject property address in the State of Illinois.

(d) Plaintiffs have given an Illinois address as their address in 1999 and in 2021 on official records recorded in the State of Florida;

(e) Plaintiffs provided an Illinois phone number to the vendors they retained post-loss.

*See Williams* and *Barba, supra.* Judge Dimitrouleas has held now on multiple occasions that these elements are sufficient to establish the citizenship of a party, and Defendant relies on Judge Dimitrouleas' decisions in support of its Notice of Removal. Failure by Defendant to so rely may result in an untimely removal, should Defendant wait to remove this action until additional information regarding citizenship is obtained through discovery.

27.    Since untimely removal is a procedural defect, *see In re: The Uniroyal Goodrich Tire Co.*, 104 F.3d 322 (11th Cir. 1997), if removal is untimely under these circumstances, the district court "must wait for a party's motion before remanding" the case to state court if Defendant has, in fact, failed to sufficiently establish the citizenship of Plaintiffs as being outside the State of Indiana or the State of New

Jersey.  *See Whole Health Chiropractice & Wellness, Inc. v. Humana Medical Plan, Inc.*, 245 F.3d 1317, 1321 (11ᵗʰ Cir. 2001).

28.    However, in this case, the totality of the evidence supports the position that Plaintiffs are either citizens of the States of Illinois or of Florida, and that none of the available evidence suggests Plaintiffs to be citizens of the State of Texas

29.    28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

30.    Since there is complete diversity between Plaintiffs and Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this case subject to the original jurisdiction of the Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C § 1441(a).

31.    28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

32.    28 U.S.C. § 1446(c)(3) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

33.    Defendant was served with Plaintiff's demand establishing the amount in controversy on March 31, 2023. This removal is within 30 days of the earliest notice of potential diversity jurisdiction given by an "other paper" after service of the complaint on Defendant.

34.    Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case was filed in the Ninth Judicial Circuit in and for Orange County, Florida.

35.    A complete copy of all process, pleadings, and orders filed in the Circuit Court of Orange County, Florida in Case No.: 2022-CA-010079-O, is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the Circuit Court of Orange County, Florida, Case No.: 2022-CA-010079-O, are attached hereto as *Exhibit O*.

27.    In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of Orange County, Florida, a copy

of which is included within other state court documents attached hereto as *Exhibit P*.

**WHEREFORE** Defendant Federal Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date: April 28, 2023                    Respectfully submitted,

By:   */s/ Wesley C. Page*
Wesley C. Page, Esq. (Fla. Bar No. 85183)
ROLFES HENRY CO., LPA
3191 Maguire Boulevard, Suite 160
Orlando, Florida 32803
Telephone:  (407) 284-4990
Email:        wpage@rolfeshenry.com
                   wwoodburn@rolfeshenry.com

Brian P. Henry, Esq.  (Fla. Bar No. 89069)
ROLFES HENRY CO., LPA
5577 Broadcast Court
Sarasota, Florida 34240
Telephone:  (941) 684-0100
Email:        bhenry@rolfeshenry.com
                   kdeglman@rolfeshenry.com

*Attorneys for Defendant*
*Federal Insurance Company*

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has

been served via e-mail on counsel for all parties at the email addresses below or has

been served by automatic service by the Court's e-filing system, on this 28th day of

April 2023:

David W. Davich, Esq.
Cohen Law Group
350 North Lake Destiny Rd.
Maitland, FL 32751
Emails:      wdavich@itsaboutjustice.law
             nikita@itsaboutjustice.law

*Attorney for Plaintiff Darr & Dawn Leutz*

                              */s/ Wesley C. Page* _____
                               Wesley C. Page, Esq. (Fla. Bar No. 85183)